COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

ROSS R. BURTON             :    CASE NO. A 1 0 0 2 3 6 8
559 Waycross Road        :
Cincinnati, Ohio 45240     :
                            :
AND                     :    JUDGE
                            :
MARLON A. BURTON     :
559 Waycross Road        :
Cincinnati, Ohio 45240     :
                            :    COMPLAINT
          PLAINTIFFS,    :
     v.                        :    AND
                            :
GE AVIATION SYSTEMS, LLC   :    JURY DEMAND ENDORSED HEREON
1 Neumann Way           :
Cincinnati, Ohio 45215     :
                            :
Also, Please Serve Its Agent for   :
Service of Process:         :
CT Corporation Systems    :
1300 East 9th Street       :
Cleveland, Ohio 44114      :
                            :
       DEFENDANT.      :

"COPY FILED
CLERK OF COURTS
HAMILTON COUNTY

MAR 1 0 2010

PATRICIA M. CLANCY
COMMON PLEAS COURTS

COUNT ONE

FIRST CAUSE OF ACTION

Now come Plaintiffs, Ross R. Burton and Marlon A. Burton, and for their First Cause of

Action against Defendant, GE Aviation Systems, LLC, state as follows:

     1.     Plaintiffs are now, and at all times mentioned herein have been, residents and

citizens of the County of Hamilton, State of Ohio.

     2.     The Defendant, GE Aviation Systems, LLC, its predecessors, successors, assigns,

agents, associates, affiliates, principals and subsidiaries (hereinafter referred to as "GE"), is

incorporated in the State of Delaware, with its principal place of business in the County of Hamilton, State of Ohio.

3.     At all times relevant to this litigation, Plaintiff, Ross R. Burton, was a GE employee, and at all times relevant to this litigation was working within the course and scope of his employment at Department #500, at GE's Aircraft Engines Development Engine Test facility, Building 500, in Evendale, Ohio.

4.     On December 11, 2009, Plaintiff, Ross R. Burton, was helping to disassemble storage racks in Building 700.  In performance of this task, Ross R. Burton was required to support a sidepiece of the rack until he received assistance from his two co-workers to lower the piece to the ground.

5.     Although the rack sidepieces used during this work typically weighed seventy-five pounds, unbeknownst to Plaintiff, Ross R. Burton, the rack sidepiece used in this instance weighed four hundred and fifty pounds.

6.     Plaintiff, Ross R. Burton, was unable to support the rack sidepiece because of this sudden and unwarned weight increase.  The sidepiece fell onto Plaintiff, Ross R. Burton, inflicting serious injuries upon him as more fully hereinafter mentioned.

7.     At all times relevant hereto, Building 700 and the storage racks were owned by GE, its predecessors, successors, assigns, agents, associates, affiliates, principals and subsidiaries.

8.     At all times relevant hereto, GE actively participated in Plaintiff, Ross R. Burton's, work performance and directed or exercised control over Plaintiff's work activities, or retained exclusive control over Ross R. Burton's work environment at the time and location previously mentioned.

9.    Less than a year before Plaintiff, Ross R. Burton's, injuries, GE knowingly discontinued the use of a forklift and strap system to support sections of the rack during assembly and disassembly.   This left the skilled trades union without any forklift operator support in connection with the rack assembly and disassembly procedure.

10.    Upon information and belief, this forklift and strap system had been in place to secure rack sidepieces during assembly and disassembly from the 1960s until approximately May 2009, when management willfully removed the forklift and strap support system from the rack assembly/disassembly procedure.

11.    If it had not been discontinued, this forklift and strap support system would have made it impossible for the rack sidepiece to fall on Plaintiff, Ross R. Burton, and he would not have been injured.

12.    At all times relevant, GE had notice and knowledge that removal of the straps and forklift during the disassembly process would result in injuries to its employee.   In fact, management was told during a meeting prior to its May 2009 decision that if GE removed the strap and forklift from the rack sidepiece disassembly process, there was a substantial certainty that accidents and injuries would occur during the rack sidepiece disassembly process.

13.    GE owed certain duties to Plaintiff, Ross R. Burton, and others foreseeably upon the premises of GE Building 510. Those duties include, but are not limited to, the following:

   a.   a duty of care to exercise reasonable and ordinary care in directing or exercising control over Plaintiff, Ross R. Burton's, work activities herein,

   b.   a duty of care to provide a safe place of employment for Plaintiff, Ross R. Burton,

   c.   a duty of care to eliminate hazardous conditions including, but not limited to, conditions of unstable sidepieces, unsupportable weight increases in the pieces

used, and the condition of a sidepiece falling, that GE knew or should have known existed at the time,

d. a duty of care to warn those foreseeably working on the premises herein, including but not limited to, Plaintiff, Ross R. Burton, of hazardous conditions existing on the premises including, but not limited to, conditions of unstable sidepieces, increased weight of pieces used, and the condition of a falling sidepiece, and

e. a duty of care to not expose Plaintiff, Ross R. Burton, to an unstable sidepiece falling onto him.

14. At all times relevant, it was foreseeable to GE that the sidepiece would fall on Plaintiff, Ross R. Burton, causing him serious injury.

15. GE breached its duty of care to Plaintiff, Ross R. Burton, and those foreseeably on the premises, and furthermore GE was negligent, careless, and failed to exercise reasonable and ordinary care in manners that include, but are not limited to, the following:

a. failure to exercise all proper care in directing and controlling Plaintiff, Ross R. Burton's, work activities,

b. failure to provide a safe place of employment for Plaintiff, Ross R. Burton,

c. failure to eliminate hazardous conditions, including, but not limited to, a condition of an unstable sidepiece and falling sidepiece, that GE knew or should have known existed at the time and location hereinbefore and hereinafter mentioned,

d. failure to warn those foreseeably working on the premises herein, including, but not limited to, Plaintiff, Ross R. Burton, of hazardous conditions existing on the

premises including, but not limited to, conditions of unstable sidepieces and of a sidepiece falling on Plaintiff, Ross R. Burton,

e. failure to prevent Plaintiff, Ross R. Burton from being exposed to a sidepiece falling upon him.

Furthermore, at all times relevant hereto, the actions hereinbefore and hereinafter described of Defendant GE were by and through its employees and/or agents working within the course and scope of their employment for GE.

16.     As a direct and proximate result of the aforementioned negligence, carelessness, failure to exercise reasonable and ordinary care, and breach of duty of Defendant, GE, Plaintiffs Ross R. Burton and his son, Marlon A. Burton, were caused to suffer those injuries and damages hereinbefore and hereinafter mentioned.

## SECOND CAUSE OF ACTION

17.     Plaintiffs incorporate by reference and restate each and every allegation above as if fully rewritten herein.

18.     GE made certain express and implied warranties to Plaintiff, Ross R. Burton:  that the premises on which he performed his assigned work duties were safe for the purposes intended and for the reasonable expectations of those who would foreseeably work on or about the premises and specifically including the disassembly area of Building 510.

19.     GE, breached its warranties, both express and implied, in manners that include, but are not limited to, the following:

a. failure to provide Plaintiff, Ross R. Burton, with a safe place of employment,

b. failure to warn those foreseeably working on the premises herein, including but not limited to, Plaintiff, Ross R. Burton, of hazardous conditions existing on the

5

premises including, but not limited to, conditions of unstable sidepieces, unwarned increase in weight of sidepieces, and conditions resulting in the sidepiece falling on Plaintiff, Ross R. Burton, and

    c.   failure to prevent Plaintiff, Ross R. Burton's exposure to falling sidepieces.

20.   As a direct and proximate result of the aforementioned breach of express and implied warranties by GE, Plaintiffs were caused to suffer those injuries and damages as hereinbefore and hereinafter mentioned.

### THIRD CAUSE OF ACTION

21.   Plaintiffs incorporate by reference and restate each and every allegation above as if fully rewritten herein.

22.   GE failed to warn Plaintiff, Ross R. Burton, and those reasonably expected to work in the area of the unstable sidepieces, the hazardous conditions of unstable sidepieces, increased weight of sidepieces, and of the condition of a sidepiece falling onto Plaintiff as he performed work in the disassembly area of Building 510.

23.   As a direct and proximate result of the aforementioned negligence, carelessness, failure to exercise reasonable and ordinary care, failure to warn and breach of duty by GE, Plaintiffs were caused to suffer those injuries and damages as hereinbefore and hereinafter mentioned.

### FOURTH CAUSE OF ACTION

24.   Plaintiffs incorporate by reference and restate each and every allegation above as if fully rewritten herein.

25.   At the time and place aforementioned, GE required Plaintiff, Ross R. Burton, pursuant to his assigned duties, to work in a position of exposure to hazards that included, but are

not limited to, conditions of unsupported sidepieces, unwarned increase weight of sidepieces used, the condition of falling sidepieces, non-use of support straps, and discontinued forklift use to support the rack.

26.     As Plaintiff, Ross R. Burton, performed his assigned and required duties, suddenly and without warning, the sidepiece fell upon Plaintiff causing him to suffer serious injuries.

27.     At the time and place aforementioned, GE owed Plaintiff, Ross R. Burton, certain duties. Those duties include, but are no limited to, the following duties:

    a.   To provide a safe place to work in accordance with applicable and recognized standards and legal requirements;

    b.   To provide a place of employment free from recognized hazards likely to cause death or serious physical harm; and

    c.   To provide proper training.

28.     The Defendant GE, through its management, who worked within the course and scope of their employment with GE knew of the existence of the dangerous conditions hereinbefore and hereinafter mentioned surrounding the assembly area of Building 510. Furthermore, GE required Plaintiff, Ross R. Burton, to support unstable sidepieces after the weight of the sidepiece had been substantially increased, without the use of straps, and after GE ceased using forklifts to support the sidepieces. At all times relevant hereto, GE knew that it required Plaintiff, Ross R. Burton, to work under conditions that were dangerous, by virtue of facts that include, but are not limited to, lack of stability of the sidepiece, the weight of the sidepiece, Defendant's decision not to secure the frame racks with straps, and Defendant's active decision not to use forklifts during the disassembly process. GE knew that an unstable, heavier

7

sidepiece not reinforced with straps or supported by forklift was being used in Plaintiff, Ross R. Burton's, immediate vicinity. Furthermore, GE expected that its employee, Plaintiff, Ross R. Burton, would work under dangerous conditions. Thus, GE failed its aforementioned duties to Plaintiff, Ross R. Burton.

29.     At the time and place previously stated, the Defendant, through its management, knew of the exact dangers under which its employee, Plaintiff, Ross R. Burton, was required to work; and furthermore, Defendant knew if it subjected Ross R. Burton to such dangerous processes, procedures, instrumentalities and/or conditions as hereinbefore and hereinafter mentioned that harm and injury to Plaintiff, Ross R. Burton, were substantially certain to occur. The Defendant, with knowledge of the dangerous conditions, acted to require Plaintiff to continue to perform dangerous tasks and work activities as hereinbefore mentioned.

30.     The hereinbefore and hereinafter mentioned acts of the Defendant, through its management, were intentional as defined by Ohio Employer Intentional Tort Law and committed with a clear perceived threat of harm to Plaintiff, Ross R. Burton. In fact, said Defendant committed the previously mentioned acts with the intent to injure Plaintiff or with the belief that injury to Plaintiff was substantially certain to occur. At all times relevant hereto, Defendant knew, with a substantial degree of certainty, that Plaintiff was exposed to injury while Defendants continued to require Plaintiff to perform his assigned duties at the disassembly area of the 510 Building.

31.     As a direct and proximate result of the hereinbefore and hereinafter mentioned acts of Defendants, Plaintiffs were caused to suffer those injuries and damages as hereinbefore and hereinafter mentioned.

## FIFTH CAUSE OF ACTION

32.     Plaintiffs incorporate by reference and restate each and every allegation above as if fully rewritten herein.

33.     As a direct and proximate result of the negligence, carelessness, failure to exercise reasonable and ordinary care, and breach of duties by GE, as hereinbefore and hereinafter mentioned, and as direct and proximate result of the acts of GE, as hereinbefore and hereinafter mentioned, Plaintiff, Ross R. Burton, was caused to suffer great physical pain, mental anguish and suffering and severe injuries including, but not limited to, his leg. Plaintiff, Ross R. Burton, was furthermore caused to suffer inability to perform the usual functions that he performed prior to his injuries aforementioned, and has been caused to suffer loss of enjoyment of life. Plaintiff, Ross R. Burton, has furthermore incurred hospital expenses and medical and medication expenses in excess of $30,000.00, loss of property, loss of earnings and earning capacity in excess of $50,000.00 and he has every reason to believe that each of the aforementioned injuries, damages and losses is permanent and that the injuries, damages and losses hereinbefore and hereinafter mentioned will continue into the future all as a direct and proximate result of the acts of GE, as hereinbefore and hereinafter mentioned. Plaintiff, Ross R. Burton, prays leave to amend his Complaint up to and including the time of trial in order to more fully plead the amount of damages and losses. Plaintiff, Ross R. Burton, seeks damages against the Defendant GE for an amount in excess of $25,000.00.

## SIXTH CAUSE OF ACTION

34.     Plaintiff, Marlon A. Burton, incorporates by reference and restates each and every allegation above as if fully rewritten herein, and for his separate cause of action, states as follows:

9

35.    At all times mentioned herein, he was and is the natural son of Plaintiff, Ross R. Burton and, as such, has been caused to suffer losses of parental support, companionship and consortium of his father, all as a direct and proximate result of the negligence, carelessness, failure to exercise reasonable and ordinary care, and breach of duties by GE as hereinbefore and hereinafter mentioned and as a direct and proximate result of the acts of GE as hereinbefore and hereinafter mentioned. Plaintiff, Marlon A. Burton, seeks damages against the Defendant GE for an amount in excess of $25,000.00.

**SEVENTH CAUSE OF ACTION**
**(PUNITIVE DAMAGES CLAIM)**

36.    Plaintiffs incorporate by reference and restate each and every allegation above as if fully rewritten herein.

37.    Defendant's actions demonstrate malice and were willful, wanton, malicious, and reckless and committed with a conscious disregard for the rights and safety of other persons including Plaintiff, Ross R. Burton and committed with a great probability of causing substantial harm to Plaintiff, Ross R. Burton. Further, the actions and/or omissions as hereinbefore and hereinafter mentioned of Defendant GE demonstrate malice.

38.    As a direct and proximate result of the negligence and carelessness and failure to exercise reasonable and ordinary care and breach of duties by Defendant GE, Plaintiffs were caused to suffer those injuries and damages as hereinbefore and hereinafter mentioned. Plaintiffs seek damages against Defendant GE for an amount in excess of $25,000.00.

WHEREFORE, Plaintiff Ross R. Burton, having suffered injuries and damages, both present and future as hereinbefore mentioned, herein demands judgment against Defendant GE in an amount in excess of $25,000.00 in compensatory damages, and all other relief to which he may be entitled.

WHEREFORE, Plaintiff, Ross R. Burton, having suffered injuries and damages, both present and future as hereinbefore mentioned, herein demands, judgment against Defendant GE in an amount in excess of $25,000.00 in punitive damages, and all other relief to which he may be entitled, including costs and attorneys' fees.

WHEREFORE, Plaintiff, Marlon A. Burton, having suffered injuries and damages, both present and future as hereinbefore mentioned, herein demands judgment against Defendant GE in an amount in excess of $25,000.00 in compensatory damages, and all other relief to which he may be entitled.

WHEREFORE, Plaintiff Marlon A. Burton, having suffered injuries and damages, demands judgment against Defendant GE in an amount in excess of $25,000.00 in punitive damages, and all other relief to which she may be entitled, including costs and attorneys' fees.

Respectfully submitted,

Stanley M. Chesley (0000852)
D. Arthur Rabourn (0008898)
Christopher D. Stock (0075443)
Waite, Schneider, Bayless & Chesley Co., L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio 45202
Phone: (513) 621-0267
Fax: (513) 381-2375
E-mail: chrisstock@wsbclaw.com
*Trial Attorneys for Plaintiff*

## JURY DEMAND

With the filing of this Complaint, Plaintiffs herein demand a trial by Jury.

D. Arthur Rabourn (0008898)
Trial Attorney for Plaintiff

11